UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MALIK SANDERS,<br><br>Plaintiff,<br><br>vs.<br><br>RESURGENT/LVNV FUNDING,<br><br>Defendant. | 4:26-CV-04028-ECS<br><br>SCREENING ORDER |

Plaintiff, Malik Sanders, filed a pro se lawsuit under the Fair Debt Collection Practices Act. Doc. 1. Sanders also moved for leave to proceed in forma pauperis, which this Court granted. Doc. 5. This Court now screens Sanders' Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.   Factual Background as Alleged in Sanders' Complaint

Defendant Resurgent/LVNV Funding (Resurgent) is a business engaged in debt collection from consumers for debts allegedly due to other companies. Doc. 1 at 2. On or about July 28, 2025, Sanders sent a written dispute of the validity of a debt and request for validation of the debt to Resurgent via the Consumer Financial Protection Bureau.[1] Id. at 3. Resurgent allegedly failed to provide adequate verification because it only provided Sanders with credit statements, which he alleges "do not suffice as proper validation for a debt buyer like Defendant attempting to collect on Resurgent/LVNV Funding. Defendant provided no bill of sale,

---

[1] It appears that Sanders was made aware of the debt collection through communication from Resurgent, but it is not expressly clear. See Doc. 1 at 3 ("Within 30 days of Defendant's initial communication with Plaintiff regarding the alleged Debt (or upon discovering the trade line if no prior communication), on or about July 28, 2025, Plaintiff sent a written dispute and request for validation of the Debt to Defendant via CFPB.").

assignment agreement, or other documentation establishing a chain of title from Resurgent/LVNV Funding[] to Defendant, nor any original account-level documentation verifying the Debt's validity." Id. Resurgent continued collection activities despite its alleged failure to provide proper verification. Id. The collection activities included "updating, verifying, or re-reporting the alleged Debt to consumer reporting agencies (CRAs) such as Equifax, Experian, and TransUnion." Id.; see also id. at 4.

On or about November 25, 2025, Sanders reviewed his credit report on AnnualCreditReport.com. Id. at 2–3. The credit report had a tradeline showing that $946 was owed to Resurgent. Id. at 3. Sanders "observed that Defendant had communicated with the CRAs regarding the Debt without first obtaining and mailing proper verification to Plaintiff." Id. Sanders alleges "Defendant's publishing and updating of such unverified information has severely damaged [his] personal and credit reputation, caused severe humiliation, emotional distress, mental anguish, and lowered FICO scores." Id.; see also id. at 4.

Sanders sues Resurgent for violation of the Fair Debt Collection Practices Act (FDCPA) under 15 U.S.C. § 1692. Id. at 1–5. Sanders seeks monetary relief and requests that this Court order Resurgent to delete the "trade line from Plaintiff's credit reports." Id. at 5.

## II.    Legal Standard

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under § 1915(a), the court must then determine whether the complaint should be dismissed under § 1915(e)(2)(B). Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam); see also Key v. Does, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss claims if they "(i) [are] frivolous or malicious; (ii) fail[] to state a claim on which

relief may be granted; or (iii) seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A court when screening under § 1915 must assume as true all facts well pleaded in the complaint. Est. of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted). Complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam) (citations omitted).

A district court has the duty to examine a pro se complaint "to determine if the allegations provide for relief on any possible theory." Williams v. Willits, 853 F.2d 586, 588 (8th Cir. 1988) (citing Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974)). A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). If a complaint does not contain these bare essentials, dismissal is appropriate. See Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985) (citation omitted). Twombly requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation and footnote omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that

3

a complaint "must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing Twombly, 550 U.S. at 553–63)). Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citation modified).

## III.    Legal Analysis

Sanders alleges that Resurgent violated the FDCPA, particularly 15 U.S.C. § 1692g(b), "by continuing collection of the Debt, including by updating and communicating the Debt to CRAs, without first obtaining verification of the Debt and mailing it to Plaintiff." Doc. 1 at 4. A claim under § 1692g(b) requires the plaintiff must prove the following: (1) plaintiff is a consumer, (2) the defendant is a debt collector who contacted him to attempt to collect a debt, (3) plaintiff notified the defendant in writing that he disputed the debt, and (4) defendant "resumed or failed to cease debt-collection efforts without first (a) obtaining verification of the debt or a copy of a judgment and (b) mailing a copy of the verification or judgment to the consumer." Dunham v. Portfolio Recovery Assocs., LLC, 663 F.3d 997, 1001 (8th Cir. 2011); see also 15 U.S.C. § 1692g(b); 15 U.S.C. § 1692k(d) (jurisdiction for claims under the FDCPA).

A consumer "means any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). A debt is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). Although Sanders does not identify the specific origin or purpose of the supposed debt, he has indicated that the alleged obligation is in reference to "a transaction in which the money, property, insurance, or

4

services . . . are primarily for personal, family, or household purposes." Doc. 1 at 2. He also indicated that he is a natural person residing in South Dakota, whom Resurgent claims is obligated to pay the debt. Id.

A debt collector means "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Sanders identifies that Resurgent regularly engages in the actions of a debt collector. Doc. 1 at 2.

The third element requires the plaintiff to notify the defendant in writing that he disputes the debt. Dunham, 663 F.3d at 1001. Sanders claims that "on or about July 28, 2025, [he] sent a written dispute and request for validation of the Debt to Defendant via CFPB," the Consumer Financial Protection Bureau. Doc. 1 at 3. Sanders claims that "Defendant received [his] validation request." Id.

The fourth element requires that the defendant "resumed or failed to cease debt-collection efforts without first (a) obtaining verification of the debt or a copy of a judgment and (b) mailing a copy of the verification or judgment to the consumer." Dunham, 663 F.3d at 1001. Because communication between a debt collector and a credit reporting agency as well as reporting a disputed debt to a credit reporting agency may at times constitute debt collection activity, McIvor v. Credit Control Servs., Inc., 773 F.3d 909, 914–15 (8th Cir. 2014), Sanders has, for the purposes of screening, identified debt collection activity, Doc. 1 at 2–3. Sanders claims that Resurgent failed to obtain and send him sufficient verification of his debt. Id. at 3–4. The only information Sanders claims he was provided was "alleged credit statements." Id. at 3. The Eighth Circuit has cited favorably to cases imposing rather low burdens for satisfying the

5

verification requirement.[2] See Dunham, 663 F.3d at 1003.  Based on the language in Sanders'

Complaint, this Court cannot determine what information was provided in the credit statements

and whether the information was sufficient to satisfy Resurgent's requirements for verification

under § 1692g(b).  Doc. 1.  Because this Court cannot determine at this stage that Sanders'

Complaint is wholly without merit, Sanders' FDCPA claim survives screening by a thin margin.

## IV.    Conclusion

Accordingly, it is

ORDERED that Sanders' FDCPA claim under 15 U.S.C. § 1692g(b) survives § 1915(e)

screening.  It is further

ORDERED that the Clerk shall send a blank summons form and United States Marshals

Service Form (Form USM-285) to Sanders so that he may complete the form to cause the

Complaint to be served upon Defendant.  It is further

ORDERED that Sanders shall complete and send the Clerk of Court a summons and

USM-285 form within **thirty days from the date of this Court's screening order**.  Upon

receipt of the completed summons and USM-285 form, the Clerk of Court will issue the

---

[2] The Eighth Circuit noted in full:

> Several of our sister circuits support this conclusion. See, e.g., Clark v. Capital Credit & Collection Servs. Inc., 460 F.3d 1162, 1173 (9th Cir. 2006) ("We decline to impose such a high threshold. Rather, we adopt as a baseline the more reasonable standard articulated by the Fourth Circuit in Chaudhry v. Gallerizzo, 174 F.3d 394 (4th Cir. 1999)."); Chaudhry, at 406 ("Contrary to Appellants' contention, verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed; the debt collector is not required to keep detailed files of the alleged debt."); Graziano v. Harrison, 950 F.2d 107, 113 (3rd Cir. 1991) (holding that a debt collector that did not contact the original creditor satisfied the FDCPA's verification requirement by sending computer printouts that provided the alleged debtor with "the amounts of his debts, the services provided, and the dates on which the debts were incurred.").

Dunham, 663 F.3d at 1003.

summons.  If the completed summons and USM-285 form are not submitted as directed, the Complaint may be dismissed without prejudice for failure to prosecute.  It is further

ORDERED that the United States Marshals Service shall serve the completed summonses, together with a copy of the Complaint, Doc. 1, and this order upon Defendant.  It is further

ORDERED that Defendant shall serve and file an answer or responsive pleading to the Complaint on or before 21 days following the date of service or 60 days if the Defendant falls under Fed. R. Civ. P. 12(a)(2) or (3).  It is finally

ORDERED that Sanders keep the Court informed of his current address at all times.  All parties are bound by the Federal Rules of Civil Procedure and by this Court's Civil Local Rules while this case is pending.

DATED April 15, 2026.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

7