UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MALIK SANDERS,<br><br>Plaintiff,<br><br>vs.<br><br>RESURGENT CAPITAL SERVICES LP;<br>LVNV FUNDING LLC,<br><br>Defendants. | 4:26-CV-04028-ECS<br><br>ORDER GRANTING MOTION TO SET ASIDE DEFAULT |

On February 5, 2026, Plaintiff Malik Sanders commenced this action against Resurgent Capital Services LP and LVNV Funding, LLC alleging claims under the Fair Debt Collection Practices Act. Doc. 1; see Doc. 13 at 1. On April 28, 2026, Defendants were served with the Plaintiff's Complaint. Doc. 10. Defendants were required to answer by May 19, 2026. Fed. R. Civ. P. 12(a)(1)(A)(i). Defendants did not do so, and on June 9, 2026, Plaintiff moved for an entry of default. Doc. 11. The Clerk of Court ultimately filed the Clerk's Entry of Default on June 10, 2026. Doc. 12. On June 18, 2026, Defendants filed their Motion to Set Aside Default and supporting materials. Docs. 13, 14, 15, 16. On July 17, 2026, Defendants filed an amended certificate of service, serving the motion on Plaintiff. Doc. 20. Plaintiff has not responded to Defendants' Motion to Set Aside Default, and the time to do so has now expired. D.S.D. Civ. LR 7.1(B). For the reasons set forth below, the Motion to Set Aside Default, Doc. 13, is granted.

## I. Background

Plaintiff, acting pro se, alleges that on or about November 25, 2025, he reviewed his credit report and observed a debt listed as being owed to "Resurgent/LVNV Funding" in the amount of $946. Doc. 1 at 2–3. Plaintiff disputes the validity of this debt and claims to have demanded verification of its legitimacy from Defendants. Id. at 3. Plaintiff alleges Defendants never provided proper verification of the debt, and as a result he has suffered various injuries, including a lowered credit score. Id. at 3–4.

When Plaintiff filed his Complaint, he also moved for leave to proceed in forma pauperis, which this Court granted. Docs. 2, 5. This Court also screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and ruled that it survived screening. Doc. 7.

Defendants were served with Plaintiff's Complaint on April 28, 2026, and were required to answer by May 19, 2026. Doc. 10; Fed. R. Civ. P. 12(a)(1)(A)(i). Defendants did not do so, and on June 9, 2026, Plaintiff moved for the Clerk of Court to enter a default against Defendants. Doc. 11. The Clerk of Court did so the next day, on June 10, 2026. Doc. 12. Eight days later, on June 18, 2026, Defendants moved to set aside the default. Doc. 13.

Defendants acknowledge they did not timely respond to Plaintiffs' Complaint but contend the delay was not intentional and was instead the product of "inadvertence, mistake, or carelessness." Doc. 16 at 2. Moreover, Defendants contend Plaintiff has not been prejudiced by the delay such that evidence has been lost or that discovery has been made more difficult. Id. at 3. Finally, Defendants contend that they should be granted relief from default because they have reviewed the file and believe they have a meritorious defense. Id. at 3–4.

## II. Discussion

Defendants move to set aside the entry of default pursuant to Federal Rule of Civil Procedure 55(c). Doc. 13 at 1. Under that rule, this Court may set aside entry of default "for good cause." Fed. R. Civ. P 55(c); Johnson v. Leonard, 929 F.3d 569, 573 (8th Cir. 2019). "To determine whether good cause exists, this court considers the: (1) blameworthiness or culpability of the defaulting party; (2) existence of a meritorious defense; and (3) prejudice to the other party by setting aside default." Leonard, 929 F.3d at 573 (citing Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998)).

A defaulting party is considered blameworthy or culpable if the default resulted from "contumacious or intentional delay or disregard for deadlines and procedural rules." Johnson, 140 F.3d at 784. The Eighth Circuit has found that mistakes such as faulty record-keeping, forwarding the complaint to the incorrect person, and poor communication do not amount to blameworthy or culpable behavior. See Union Pac. R.R. Co. v. Progress Rail Servs. Corp., 256 F.3d 781, 782–83 (8th Cir. 2001) (setting aside default judgment when default was due to faulty record-keeping); U.S. ex rel. Shaver v. Lucas W. Corp., 237 F.3d 932, 933 (8th Cir. 2001) (setting aside entry of default when complaint was accidentally delivered to the incorrect person); Johnson, 140 F.3d at 784–85 (setting aside entry of default when default was attributable to poor communication).

Here, the Defendants contend the delay in responding was due to "administrative delays in Defendants passing this matter along to counsel, clearing conflicts, communication delays, and an intervening federal holiday." Doc. 15 at 2.

Defendants also claim they have a meritorious defense to Plaintiff's allegations. Doc. 16 at 4. Defendants' defenses are not articulated in any detail, and this gives some pause to the Court. Regardless, Defendants have appeared and desire to contest this action. See Sturgis Area Chamber of Com. v. Little Sturgis Rally & Races for Charity, Inc., No. CIV. 08-5024-KES, 2009 WL 10722464, at *2 (D.S.D. May 19, 2009) ("Where a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default, in accordance with the policy of allowing cases to be tried on the merits." (quoting Lee v. Bhd. of Maint. of Way Emps., 139 F.R.D. 376, 380 (D. Minn. 1991))).

Finally, Defendants contend there has been no prejudice suffered by Plaintiff in that evidence has not been lost and discovery will not be more difficult to engage in by the parties going forward. Doc. 16 at 2–3. Notably, Plaintiff has not responded to Defendants' Motion to Set Aside Default and countered the argument that Plaintiff will not be prejudiced if relief from the default is granted.

"Prejudice requires a concrete harm, like 'loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'" Leonard, 929 F.3d at 574 (quoting Johnson, 140 F.3d at 785). On the other hand, "delay alone, or the fact the defaulting party would be permitted to defend on the merits, are insufficient grounds to establish the requisite prejudice to the plaintiff." Stephenson v. El-Batrawi, 524 F.3d 907, 915 (8th Cir. 2008) (citing Johnson, 140 F.3d at 785).

Here, the Court has reviewed all of the filings submitted by Defendants in their attempt to obtain relief from default. Docs. 13, 14, 15, 16. The Court believes the default stemmed from poor communication and was not the product of any intentional or malicious delay. Defendants contend they have a meritorious defense and seek to contest the action. Further, the Court does

not believe Plaintiff has suffered prejudice by the relatively short delay caused by the default. After carefully considering this matter, the Court believes the drastic remedy of default judgment would be inappropriate. Accordingly, Defendants' Motion to Set Aside Default, Doc. 13, is granted.

## III. Conclusion

For good cause appearing, it is hereby

ORDERED that Defendants' FRCP 55(c) Motion to Set Aside the Clerk's Entry of Default, Doc. 13, is granted. It is further

ORDERED that Defendants' Motion to Extend the Deadline of Filing of the Response to the Complaint, Doc. 13, is granted. Defendants must file an answer or responsive motion within seven days of the filing of this Order.

DATED this 14th day of August, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE